M. H. SELLERS, et al. v. J. B. LADD, et al.

Eastern Section.    May, 1929.

Petition for Certiorari denied by Supreme Court, December 7, 1929.

348

R. H. Ward, of Kingston, for appellant.

Elmer Edlen, J. W. Stone, and O. T. Tindell, all of Kingston, for appellee.

SENTER, J. The original bill filed in this cause sought to impound in the chancery court of Roane county, the sum of $800, and to enjoin the levy of an execution placed in the hands of J. B. Ladd, a deputy sheriff of Roane county, on allegations contained in the bill that the defendant, R. W. Mounger, had obtained a judgment in the chancery court of Roane county against M. E. Sellers and one W. F. Gallahar, as surety on a note, amounting to about $1200; that after said judgment had been obtained against defendant Sellers and said Gallahar, complainant M. H. Sellers and J. M. Haguewood had obtained a judgment against said R. W. Mounger for the sum of $520.16 in the chancery court of Roane county, and that after said decree for said judgment had been obtained, that the defendant Mounger appealed from the judgment to the Court of Appeals, and that pending a decision in the Court of Appeals, and anticipating that the judgment would be affirmed, the defendant, R. W. Mounger, procured the issuance of an execution to be levied in satisfaction of the judgment which he had obtained against Sellers and Gallahar, with the fraudulent intent to realize on said judgment and to obtain the money thereon so as to prevent the same, or any part of the same, to be applied to the judgment against him and which was then pending on appeal. The bill further alleged that defendant, R. W. Mounger, was insolvent, and that if he was permitted to collect the said judgment that he would squander the same or conceal it, so that it could not be applied to the judgment which complainants had obtained against him. The original bill sought to impound a sufficient amount of said judgment in the chancery court of Roane county, where both causes were then pending, to satisfy the judgment which complainants had obtained against the defendant Mounger, or until the case then pending on appeal had been finally determined, and sought to impound and to hold in the court as much as $800 of said judgment to satisfy the judgment against Mounger and the costs, and to enjoin the defendant Mounger from further proceedings on the execution, and to enjoin the deputy sheriff, Ladd, from levying the execution,

pending the determination of their suit against Mounger then in the Court of Appeals. The order impounding the sum of $800 and the fiat for the injunction were granted by the Chancellor, but on a subsequent motion to dissolve, the amount ordered so impounded was reduced from $800 to $650, and the injunction bond was increased to $1000, and continued in force pending a hearing on the merits.

The defendant, R. W. Mounger, filed an answer, in which he denied that the complainants obtained a judgment against him for the sum of $520.16, or any other sum, and denied that there was a record of said judgment as alleged in the bill, and demanded that complainants prove the allegations. The answer admitted that the defendant, R. W. Mounger, secured a decree in the chancery court against M. H. Sellers and W. F. Gallahar, and which cause of action was founded on a suit filed against said defendants to recover on a note for the sum of $1200 given by the complainant, Sellers, to the defendant, Mounger, with W. H. Gallahar as surety thereon; and admitted that he had procured the issuance of an execution on said decree against M. H. Sellers and W. F. Gallahar, and that he was seeking to collect the judgment decreed him in said cause, but alleged that he had a right to collect said judgment by the issuance and levy of an execution. The answer denied that the complainants are entitled to a credit of the $520.16, or any other sum, and denied that the complainants had a judgment against him, or that they were being hindered or prevented in the collection of the same. The answer admitted that in the case of James J. Mounger, et al., v. M. H. Sellers and J. M. Haguewood, Executors, that a decree was rendered in favor of M. H. Sellers for said sum of $520.16, but alleged that said decree was void, and that he had appealed from said decree to the Court of Appeals, and which appeal had been perfected and was then pending in the Court of Appeals, and that said appeal operated to vacate the decree.

The answer denied that the complainants were entitled to impound any part of his judgment obtained by him against M. H. Sellers and W. F. Gallahar. and denied that complainants were entitled to the injunctive relief and other relief sought.

At the hearing of the cause the Chancellor decreed in favor of complainants. and sustained the bill, and directed that the judgment obtained by the complainants in the Court of Appeals at Knoxville, for the sum of $538.01. be offset against Mounger's judgment, of $672.75. and decreed that Mounger was entitled to recover of complainants and sureties on the injunction bond. the difference amounting to $143.45. The Chancellor found that the complainants had recovered a judgment in the Court of Appeals against Richard W. Mounger for the sum of $538.01 (that being the judgment decreed in the lower court; plus costs in the Court of Appeals), and

that complainants were indebted to Mounger in the sum of $672.75.

From this decree the defendant, R. W. Mounger, has appealed to this court, and has assigned the action of the Chancellor as error, contending under the assignments that there was no evidence of a judgment in favor of complainants, M. H. Sellers and J. M. Haguewood, against appellant for any sum, and that the injunction should have been dissolved; that there was no evidence that the complainants, M. H. Sellers and J. M. Haguewood, were indebted to the defendant, Richard Mounger, in the sum of $672.75.

The defendant, R. W. Mounger, filed a certified copy of the decree in the case of James J. Mounger, et al. v. M. H. Sellers and J. M. Haguewood, Executors, et al., as an exhibit to the answer, and as evidence. A certified copy of the decree of the Court of Appeals affirming the decree of the Chancellor in the same suit, was also filed as evidence. The case was heard by the Chancellor on the bill and answer and the certified copy of the decree made exhibit to the answer, and the certified copy of the decree of the Court of Appals, there being no other evidence by either party.

The allegations contained in the original bill, together with the admissions contained in the answer of defendant Mounger, and the recitations in the final decree in the case of James G. Mounger, et al. v. M. H. Sellers and J. M. Haguewood, Executors, et al., and the decree in the same case by the Court of Appeals, we think abundantly warranted the decree of the Chancellor in the present suit.

In the final decree in the former suit of James G. Mounger, et al. v. M. H. Sellers, et al., it was decreed that on February 20, 1923, M. H. Sellers gave his note to R. W. Mounger, with W. F. Gallahar, as surety, for the sum of $1200, and that said note was given as part payment of the amount due said Mounger out of the estate of his deceased father; that R. W. Mounger brought suit in the chancery court of Roane county against M. H. Sellers and W. F. Gallahar on said note, and recovered a judgment in a pro confesso for the amount of said note with interest and attorneys fees, which judgment the defendants sought to have set aside but failed; that at the hearing of the case it appeared by admissions of the parties made in open court that the cause of R. W. Mounger against M. H. Sellers had not been finally disposed of. The court further found and decreed in said cause, that after the execution of said note, the said M. H. Sellers paid to said R. W. Mounger by various payments, the sum of $1156, as money due him out of his deceased father's estate, and that this amount was due to be credited on said note but had not been, and that the said Mounger having received said money from the executors out of said estate, that he should be charged with the same in the settlement of the account in that cause. The court further held that after charging Mounger with

these payments and with the $1200 note, that Mounger had been overpaid the sum of $520.16, and that the bill was filed for an accounting, and that under these facts, M. H. Sellers was entitled to a decree against R. W. Mounger for the said sum of $520.16. It is apparent from the decree in that case, and which decree was affirmed by the Court of Appeals, that Mounger had received $520.16 more than his distributive share out of his deceased father's estate, and that M. H. Sellers as one of his executors had made this over payment, and was entitled to recover the same from R. W. Mounger. It is also apparent from this decree that this recovery would enure to the benefit of the estate of which M. H. Sellers and J. M. Haguewood were executors. It is apparent from the pleadings that R. W. Mounger was insolvent, except the judgment which he had obtained on the note given him by Sellers, and that if he obtained the money on the judgment through the legal processes of the court, Sellers would have no means of being reimbursed for the excessive payment made by him to Mounger, and a suit to recover that sum was then pending and a judgment had been decreed in his favor, and the appeal from that judgment in his favor was pending in the Court of Appeals at the time complainants filed the original bill, by which they sought and did impound a sufficient amount of Mounger's judgment to cover Sellers' judgment against him, and to enjoin the issuance and levy of an execution pending a determination of the suit in the Court of Appeals. We think this sum was properly impounded, and that the complainants were entitled to the injunctive relief sought and obtained. When this cause was finally heard the appeal had been finally disposed of, and a final judgment rendered in favor of complainant Sellers. We are of the opinion that the Chancellor correctly held that this amount should be deducted from the amount which had been impounded, and paid out of that fund, and the compainants held liable on the injunction bond for the difference. This was the decree of the Chancellor, and in this decree we find no error.

It results that the decree of the Chancellor is affirmed, and the cause is remanded to the chancery court of Roane county to be proceeded with under the decree of the Chancellor. Appellant appealed this cause on the pauper's oath, and judgment will be rendered here against him for the cost of the appeal and the cost of the cause, and this judgment to be satisfied out of any funds remaining in the hands of the chancery court, or the judgment rendered in favor of defendant, R. W. Mounger, against complainants and sureties on the injunction bond, and the enforcement of this judgment to be by proper decree of the chancery court of Roane county upon the remand of the cause to said court.

Owen and Heiskell, JJ., concur.